# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:18-cv-05663-RGK-Ex | Date | October 24, 2018 |
|---|---|---|---|
| Title | CYRUS SANAI v. JAMES MCDONNELL; ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:** **(IN CHAMBERS)** - PLAINTIFF'S EX PARTE MOTION TO DISQUALIFY JUDGE R. GARY KLAUSNER (Dkt. 66, filed October 18, 2018)

## I. INTRODUCTION AND BACKGROUND

On June 27, 2018, plaintiff Cyrus Sanai filed this action against defendants Sheriff James McDonnell; Judge Mark Borenstein; and Does 1 through 10. Dkt. 1. On August 20, 2018, plaintiff filed a First Amended Complaint ("FAC"). Dkt. 41. In filing this action, plaintiff seeks "a halt on the cumulative filing of sanctions and the sentence of personal imprisonment imposed on him by [Judge] Borenstein in order to litigate the statutory and due process issues presented by Judge Borenstein's conduct[,]" and to have the appellate proceedings "be conducted before a panel of the California Court of Appeal that is not biased against Sanai." FAC at 3.

On October 16, 2018, plaintiff filed an ex parte motion for disclosure of facts relevant to the disqualification of Honorable R. Gary Klausner. Dkt. 62. Plaintiff moved for Judge Klausner to: (1) disclose all facts regarding his relationship with the employees and judicial officers identified in the first amended complaint, including Frederick Bennett and Elizabeth Grimes; (2) to state whether or not Judge Klausner has personal knowledge of the truth or falsity of any of the allegations set forth in the complaint in this action; (3) disclose any and all cases in which Judge Klausner was represented by Bennett; and (4) to make available for review certain files in the District Court's off-site storage at no charge. Id. at 2. On October 17, 2018, plaintiff filed two amended ex parte motions seeking the same. Dkts. 63, 64. On October 17, 2018, Judge Klausner denied plaintiff's ex parte applications. Dkt. 65.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-05663-RGK-Ex | Date | October 24, 2018 |
| Title | CYRUS SANAI v. JAMES MCDONNELL; ET AL. | | |

On October 18, 2018, plaintiff filed the instant ex parte motion to disqualify Judge Klausner for denying his ex parte application and amended ex parte applications. Dkt. 66 ("Mot."). Plaintiff moves for disqualification under 28 U.S.C. § 455 ("Section 455").

## II. DISCUSSION

Under Section 455, judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." Id. § 455(a). The substantive standard for disqualification under Section 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" Clemens v. U.S. Dist. Court for Central Dist. Of California, 428 F.3d 1175 (9th Cir. 2005) (citing In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)). Moreover, the alleged bias cannot result from mere disagreement, however vehement, with a judge's rulings; instead, "the alleged bias must stem from an 'extrajudicial source.'" United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir. 1997) (quoting Liteky v. United States, 510 U.S. 540, 548 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

In the instant motion, plaintiff makes various assertions in support of his contention that Judge Klausner must be disqualified from the instant matter. At the core of plaintiff's motion is his disagreement with Judge Klausner's ruling denying his request for certain disclosures, which is not a proper basis for disqualification. Cf. United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978) ("Adverse rulings do not constitute the requisite bias or prejudice of [28 U.S.C. § 144].") (citing Berger v. United States, 255 U.S. 22, 34 (1921)). Nonetheless, the Court addresses plaintiff's arguments in turn.

Plaintiff argues that: (1) Judge Klausner may have a relationship with Frederick Bennett, who plaintiff contends is a "key witness" in the action, (2) that Judge Klausner "may have personally taken legal positions as a defendant . . . that would cause a reasonable person to doubt that he could now address the same subject matter," and (3) that Judge Klausner may have personal knowledge of the facts alleged in the first amended complaint. Mot. at 2, 6–7. It appears that in 1993 and 1994, two cases— Rudder v. Klausner et al., 2:93-cv-03790-SVW-GHKA, and Thymes et al. v. Mallano et

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-05663-RGK-Ex | Date | October 24, 2018 |
|---|---|---|---|
| Title | CYRUS SANAI v. JAMES MCDONNELL; ET AL. | | |

al., No. 2:94-cv-05715-IH-AJW—were brought against Judge Klausner in his capacity as a Los Angeles County Superior Court judge ("Klausner Cases"). See Dkt. 66-1, Declaration of Cyrus Sanai ¶ 3, Exs. A, B. Bennett appears to have represented Judge Klausner in these cases in his capacity as Court Counsel for the Los Angeles County Superior Court. See id. Both cases were dismissed at the pleading stage. See id.

Plaintiff fails to otherwise sufficiently set forth facts that would lead a reasonable person to conclude that Judge Klausner's impartiality might reasonably be questioned. Given the nature of these two lawsuits and Bennett's role as counsel for the Los Angeles County Superior Court, there is no reasonable basis to believe that Judge Klausner has a "familial, financial, or similarly close" relationship with Bennett that should result in disqualification. See Pellegrini v. Merchant, 2017 WL 735740 (E.D. Cal. 2017) (A "judge need not recuse himself as long as the judge does not have a familial, financial, or similarly close relationship with the party or witness."). To the extent Judge Klausner has worked with Bennett in the past, "judges are not required to recuse when they have a casual relationship with a victim, attorney, witness, or litigant appearing before the court. Courts have recognized that elevation to the bench does not and should not require withdrawal from society." U.S. v. Sundrud, 397 F. Supp. 2d 1230, 1233 (C.D. Cal. 2005).

With respect to plaintiff's speculation regarding Judge Klausner's potentially adverse "litigation positions" in the Klausner Cases, the Court finds that a well-informed, thoughtful observer would not question Judge Klausner's impartiality on the basis of the legal arguments put forward in his defense twenty years ago in cases unrelated to the action before him.

Plaintiff's contention that Judge Klausner may have personal knowledge of the facts alleged in the first amended complaint also fails because the two cases against Judge Klausner were initiated in 1993 and 1994, and plaintiff initiated the instant lawsuit in 2018. The allegations in plaintiff's first amended complaint reach far back in time, but the earliest event did not take place until 1999, well after the initiation of the Klausner Cases.

Plaintiff also argues that he should not have to pay the customary fee to review files related to the Klausner Cases that are stored offsite. Plaintiff does not make the argument that he cannot afford the cost of retrieving and copying the off-site files. Rather, he contends that Judge Klausner should provide the files for free because "it is the obligation of the Court to make disclosure." Mot. at 9. Plaintiff further argues that

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | |
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-05663-RGK-Ex | Date | October 24, 2018 |
| Title | CYRUS SANAI v. JAMES MCDONNELL; ET AL. | | |

Judge Klausner's denial of his request to provide such files at no cost is itself a basis to question his impartiality. The Court reiterates that adverse rulings are not a proper basis for disqualification. See Azhocar, 581 F.2d at 739. Moreover, given the implausibility of plaintiff's contention that the Klausner Cases provide a reasonable basis to question Judge Klausner's impartiality, the Court does not find that Judge Klausner was obligated to provide the case files to plaintiff. To the extent plaintiff wants to review the offsite files, he can follow the applicable procedures to do so.

### III.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's request for disqualification.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |